FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES D.,

    Plaintiff,

v.

MARTIN O'MALLEY,
COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.

No. 4:22-CV-5130-JAG

ORDER GRANTING
PLAINTIFF'S MOTION
TO REVERSE THE DECISION
OF THE COMMISSIONER

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 14, 18. Attorney Maren Bam represents James D. (Plaintiff); Special Assistant United States Jacob Phillips represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed an application for benefits on March 27, 2015, later amending his alleged onset of disability to March 27, 2015. Administrative Law Judge (ALJ) Mark Kim held a hearing on October 24, 2019, and issued an unfavorable decision on November 6, 2019. Tr. 12-30. This Court subsequently remanded the matter on October 1, 2021. Tr. 986-99. ALJ Kim held a second hearing on July 13, 2022, and issued an unfavorable decision on August 23, 2022. Tr. 906-24. Plaintiff appealed this final decision of the Commissioner on November 24, 2022. ECF No. 1.

## II.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.    ADMINISTRATIVE FINDINGS

On August 23, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 906-24.

ORDER GRANTING PLAINTIFF'S MOTION . . . 3

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 27, 2015, the application date. Tr. 908.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, cervical spondylolisthesis, peripheral neuropathy, and chronic pain syndrome. Tr. 908.

At *step three*, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 916. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject a series of additional exertional limitations. Tr. 917.

At *step four*, the ALJ found Plaintiff could not perform past relevant work. Tr. 922.

At *step five*, the ALJ found there are jobs that exist in significant numbers in the national economy that the claimant could perform, to include parts inspector, toll collector, and cashier. Tr. 923.

The ALJ thus concluded Plaintiff was not disabled since the application date. Tr. 924.

## V.    ISSUE

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issue for review: whether the ALJ properly evaluated the medical opinion evidence.

## VI.    DISCUSSION

Because Plaintiff filed his applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012

(9th Cir. 2014). Under this standard, an ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Id*.

Plaintiff argues the ALJ misevaluated three sets of medical opinions. ECF No. 14 at 4-30. The Court discusses the ALJ's treatment of each in turn.

A.   *Machelle Dotson, PAC.*

PAC Dotson, Plaintiff's treating clinician, provided a treating source statement on September 18, 2019, wherein she opined, among other things, Plaintiff would need to lie down or rest periodically during a workday and would miss at least four days of work per month. Tr. 881, 884. The ALJ gave PAC Dotson's opinion "little weight," finding "some limitations are consistent with the objective record but her limitations regarding absenteeism or the need to lie down during working hours is not supported by the objective record (e.g. intact ambulation; mostly normal gait with antalgic episodes while experimenting with pain management; full strength with only few episodes of diminished strength in extremities; reports of relief with medication management." Tr. 921-22.

This finding is nearly identical to the finding that the ALJ previously made in the first decision and that this Court explicitly concluded was an "improper rejection." Tr. 997; *compare* Tr. 972 (ALJ's evaluation of PAC Dotson's opinion in the first decision), *with* Tr. 921-22 (ALJ's evaluation of PAC Dotson's opinion in the instant decision). By issuing a nearly-identical finding, the ALJ contravened the clear mandate of this Court. The Court's review of this already-rejected finding is therefore precluded by the doctrine of the law of the case. *See Stacy v.*

ORDER GRANTING PLAINTIFF'S MOTION . . . 5

*Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).  The ALJ thus erred by discounting PAC Dotson's opinion.

**B.**   <u>**Kenneth Cole, Psy.D.**</u>

Dr. Cole examined Plaintiff on March 22, 2021, and opined, among other things, Plaintiff had a series of severe and marked limitations, including a severe limitation in completing a normal work day and work week without interruptions from psychologically-based symptoms.  Tr. 1389.  The ALJ found this opinion "holds little weight."  Tr. 915.

The ALJ first discounted the opinion as inconsistent with "the longitudinal treatment record as noted directly above[.]"  Tr. 915.  This was error.  An ALJ's rejection of a clinician's opinion on the ground that it is contrary to unspecified evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed."  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating his conclusions, an ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  It is not the job of the reviewing court to comb the administrative record to find specific conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  The ALJ accordingly erred by discounting the doctor's opinion on this ground.

The ALJ next discounted the opinion as "primary [*sic*] based on subjective reporting."  Tr. 915.  On this record, the ALJ erred by discounting the doctor's opinion on this ground.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's

ORDER GRANTING PLAINTIFF'S MOTION . . . 6

observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981) ("Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.  In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness.").  The record indicates the doctor's opinion was based on clinical observations and does not indicate the doctor found Plaintiff to be untruthful, as discussed in more detail below.  Therefore, this is no evidentiary basis for rejecting the opinion.  *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ does not validly reject a doctor's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").  The ALJ thus erred by discounting the doctor's opinion on this ground.

   Third, the ALJ discounted the opinion as internally inconsistent, noting, among other things, that Plaintiff "was noted to be cooperative, his speech was normal, and his mood was okay." Tr. 915.  These are not reasonable inconsistencies.  Plaintiff's performance during his clinical interview – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with the doctor's opined limitations concerning Plaintiff's ability to, among other things, complete a normal work day and work week without interruptions from psychologically-based symptoms.  *Cf. Reddick*, 157 F.3d at 725.  The ALJ thus erred by discounting the opinion on this ground.

ORDER GRANTING PLAINTIFF'S MOTION . . . 7

Finally, the ALJ appeared to discount the opinion based on a misinterpretation of the doctor's assessment regarding Plaintiff's self-report of symptoms. The ALJ noted the following: "[S]ome of the claimant's responses fell outside the normal rage suggesting the claimant may not have answered in a completely forthright manner that might lead to somewhat inaccurate impressions of the claimant." Tr. 915. This finding mirrors the doctor's report (without attribution), but is missing critical context. The doctor explained "[e]levations in this range are often indicative of a 'cry for help,' or of a markedly negative evaluation of oneself and one's life." Tr. 1391. When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick*, 157 F.3d at 722–23 (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Because the ALJ did not do so here, he erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the doctor's opinion.

C. <u>Peter Bernardo, M.D.</u>

Dr. Bernardo reviewed Plaintiff's treatment records in 2018. Tr. 82-84. The ALJ largely adopted Dr. Bernando's opinion. Tr. 921. Because extant medical opinions must be reassessed and the record must be further developed upon remand, the Court declines to address or affirm the ALJ's treatment of this opinion.

## VII. CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated Plaintiff's medical opinion evidence. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence must be reassessed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*,

806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

On remand, the ALJ shall reassess the medical opinions discussed herein, develop the record, and reevaluate the steps of the sequential evaluation, as appropriate. Mindful that Plaintiff first filed his application for benefits in 2015, the Court imposes the following time limits: the ALJ must complete further proceedings within 120 days and, if the ALJ denies benefits and Plaintiff appeals, the Commissioner's final decision shall be rendered within 60 days of the appeal. *Cf. Butts v. Barnhart*, 416 F.3d 101, 103-06 (2d Cir. 2005) (imposing 120-day limit for proceedings before the ALJ and a 60-day limit for administrative appeal).

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 14**, is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 18**, is **DENIED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE